# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>    Plaintiff,<br><br>vs.<br><br>J. ALEJO, et al.,<br><br>    Defendants. | 1:18-cv-00825-GSA-PC<br><br>**ORDER RE PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL OF DEFENDANT E. ZAVALA FROM THIS CASE UNDER RULE 41 (ECF No. 11.)**<br><br>**ORDER DIRECTING CLERK TO REFLECT THE DISMISSAL OF DEFENDANT ZAVALA ON THE DOCKET FOR THIS CASE** |

Kareem J. Howell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this case on June 18, 2018. (ECF No. 1.)

On January 14, 2019, Plaintiff filed a notice of voluntary dismissal of defendant E. Zavala from this case. (ECF No. 10.) Plaintiff has a right to voluntarily dismiss this defendant

1

under Rule 41 of the Federal Rules of Civil Procedure. In Wilson v. City of San Jose, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997). No defendant has filed an answer or motion for summary judgment in this case. Therefore, Plaintiff's notice of dismissal is effective and the court shall reflect the dismissal of defendant E. Zavala from this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's notice of voluntary dismissal of defendant E. Zavala is effective as of the date it was filed;
2. Defendant E. Zavala is DISMISSED from this action; and
3. The Clerk of the Court is DIRECTED to adjust the docket to reflect voluntary dismissal of defendant E. Zavala from this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated: **January 18, 2019**          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE