# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>J. ALEJO, et al.,<br><br>　　　　Defendants. | 1:18-cv-00825-GSA-PC<br><br>**ORDER RE PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL UNDER RULE 41**<br>**(ECF No. 16.)**<br><br>**ORDER DIRECTING CLERK TO CLOSE FILE** |

Kareem J. Howell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this case on June 18, 2018. (ECF No. 1.)

On February 28, 2019, a settlement conference was held before Magistrate Judge Stanley A. Boone, and the case settled. (ECF No. 15.) Terms of the settlement were placed on the record. (Id.) Plaintiff Howell and counsel for Defendants, Sarah Brattin and N. Cahill, were present. (Id.) The parties were directed to submit dispositive documents within thirty days. (Id.; ECF No. 14.)

On March 1, 2019, Plaintiff filed a notice of voluntary dismissal of this case, with prejudice, under Rule 41(a)(1)(A)(i). (ECF No. 16.) Plaintiff has a right to voluntarily dismiss

1

this case under Rule 41 of the Federal Rules of Civil Procedure. In <u>Wilson v. City of San Jose</u>, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing <u>Hamilton v. Shearson-Lehman American Express</u>, 813 F.2d 1532, 1534 (9th Cir. 1987); <u>Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC</u>, 548 F.3d 738, 748 (9th Cir. 2008)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. <u>Id.</u> The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. <u>Id.</u>; <u>Pedrina v. Chun</u>, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. <u>Concha</u>, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. <u>Id.</u> (citing <u>McKenzie v. Davenport-Harris Funeral Home</u>, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. <u>Id.</u>

<u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997).

No defendant has filed or served an answer or motion for summary judgment in this case. Therefore, Plaintiff's notice of dismissal is effective, and this case shall be closed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's notice of dismissal is effective as of the date it was filed;

2. This case is DISMISSED in its entirety, with prejudice; and

3. The Clerk of the Court is DIRECTED to close the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated: **March 5, 2019**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE